Filed 12/21/23  In re J.R. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re J.R., A Person Coming Under the Juvenile Court Law. | 2d Juv. No. B323750 (Super. Ct. No. VJ46478) (Los Angeles County) |
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.R.,<br><br>   Defendant and Appellant. | |

J.R. appeals the juvenile court's order sustaining a petition alleging he had violated his probation on a charge of assault with a deadly weapon.  (Welf. & Inst. Code,[1] §§ 602, 777; Pen. Code, § 245, subd. (a)(1).)  The court ordered appellant committed to a

---

[1] Unless otherwise noted, all statutory references are to the Welfare and Institutions Code.

Secure Youth Treatment Facility (SYTF) and set a maximum term of confinement of 5 years and 4 months and a baseline term of 2 years, the latter of which was reduced to 18 months in accordance with section 875, subdivision (b). The court also awarded appellant 1,054 days of precommitment custody credits, which were applied against his maximum term of confinement. Appellant contends the court erred in setting his maximum term of confinement and in applying his custody credits to that term rather than his 18-month baseline term. We affirm.

## FACTS AND PROCEDURAL HISTORY

In October 2018, the Los Angeles County District Attorney's office filed a wardship petition alleging that appellant, who was then 13 years old, had possessed weapons on school grounds (Pen. Code, § 626.10, subd. (a)(1)). In February 2019, the charge was reduced to a misdemeanor and appellant admitted the allegations of the petition. The court declared him a ward of the court and placed him home on probation for six months in accordance with section 725, subdivision (a). Appellant's maximum term of confinement was set at 364 days and he was given 3 days of custody credit.

In May 2019, another section 602 petition was filed alleging among other things that appellant had committed a robbery (Pen. Code, § 211) and that a principal committed the offense while armed with a firearm (*id.*, § 12022, subd. (a)(1)). After the petition was amended to add a charge of assault by means of force likely to produce great bodily injury (GBI) (*id.*, § 245, subd. (a)(4)), appellant admitted that charge and was placed in a camp-community placement for 5 months. The court set a maximum term of confinement of 4 years and awarded appellant 22 days of custody credit.

In March 2020, a third section 602 petition was filed alleging that appellant had committed two counts of GBI assault and two counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(4)), with additional allegations that he (1) committed the offenses for the benefit of his gang (*id.*, § 186.22, subd. (b)(1)(A)); (2) personally inflicted GBI in committing all four offenses (*id.*, § 12022.7, subd. (a)); and (3) personally used a deadly weapon in committing the GBI assault charged in count 1 (*id.*, § 12022, subd. (b)(1)). After the petition was amended to add a charge of battery on a person causing injury (*id.*, § 243, subd. (d)), appellant admitted that charge, which was declared to be a felony, and was placed in a camp-community placement. In January 2021, appellant's camp-community placement was terminated and he was placed home on probation.

In April 2021, a fourth section 602 petition was filed alleging that appellant had committed an attempted willful, deliberate, and premeditated murder (Pen. Code, §§ 187, subd. (a), 664). In September 2021, after the petition was amended to add a charge of assault with a deadly weapon, appellant admitted that charge and was placed in a camp-community placement for a period of 7 to 9 months. He was also ordered to comply with various terms and conditions of his probationary commitment. The court set his maximum term of confinement at 5 years and 4 months and awarded him 696 days of custody credit.

In July 2022, a section 777 petition was filed alleging that appellant had violated various terms and conditions of his probation. The court subsequently found 6 of the 11 alleged violations true and ordered appellant committed to the SYTF. The court set a maximum period of confinement of 5 years and 4 months as "previously noted by the court at disposition."

Pursuant to subdivision (b)(1) of section 875, the court set a baseline term of 2 years as set forth in California Code of Regulations, title 9, section 30810, subdivision (a)(5).  The court then told appellant it was reducing his baseline term to 18 months "in recognition of the treatment and the progress you have made.  It is not nothing.  You have made progress.  The court just believes that more progress must be made in a secure environment, and so the baseline will be set at 18 months."  The court also awarded appellant 1,054 days of custody credits and applied those credits against his maximum confinement time rejecting appellant's claim that the credits should instead be applied against his baseline term.

## DISCUSSION

### *Maximum Term Of Confinement*

Appellant contends the juvenile court erred in setting 5 years and 4 months as his maximum term of confinement.  We disagree.

Until recently, the state Division of Juvenile Justice (DJJ) was "the state's most restrictive placement for its most severe juvenile offenders."  (*In re Miguel C.* (2021) 69 Cal.App.5th 899, 902.)  In 2020, the Legislature amended the law to effect the eventual closure of the DJJ and move the jurisdiction of DJJ-committed youth to local county jurisdiction.  (Stats. 2020, ch. 337, § 1(b).)  The Legislature wanted to "ensure that justice-involved youth are closer to their families and communities and receive age-appropriate treatment."  (*Ibid.*)  The new legislation prohibited commitments to the DJJ in most cases as of July 1, 2021, and the legislation stated an intent "to establish a separate dispositional track for higher-need youth."  (Stats. 2020, ch. 337, § 30(e); former § 736.5, subds. (b), (c), (e); *Miguel C.*, at p. 907.)

4

In 2021, the Legislature added section 875 so that counties could establish SYTF's for wards who previously would have been committed to the DJJ.  (Sen. Bill No. 92 (2021-2022 Reg. Sess.); Stats. 2021, ch. 18, § 12.)  The Legislature also closed the DJJ effective June 30, 2023.  (§ 736.5, subd. (e); Stats. 2021, ch. 18, § 10.)  Section 875 authorizes commitment to an SYTF only if certain conditions are met.  (§ 875, subd. (a).)  Appellant does not dispute that those conditions were met here.

When the juvenile court orders an SYTF commitment, it "shall set a baseline term of confinement for the ward that is based on the most serious recent offense for which the ward has been adjudicated.  The baseline term of confinement shall represent the time in custody necessary to meet the developmental and treatment needs of the ward and to prepare the ward for discharge to a period of probation supervision in the community."  (§ 875, subd. (b)(1).)  As relevant here, the court determines the baseline term "as set forth in Section 30807 to 30813, inclusive, of Title 9 of the California Code of Regulations." (*Ibid.*)  Pending the adoption of Judicial Council guidelines, the court "may . . . modify the initial baseline term with a deviation of plus or minus six months.  The baseline term shall also be subject to modification in progress review hearings as described in subdivision (e)."  (*Ibid.*)

In addition to setting the baseline term, the court "shall . . . set a maximum term of confinement," which "represent[s] the longest term of confinement in a facility that a ward may serve." (§ 875, subd. (c)(1).)  "The maximum term of confinement shall not exceed the middle term of imprisonment that can be imposed upon an adult convicted of the same offense or offenses."  (*Id.*, subd. (c)(1)(B).)

5

Section 875, subdivision (c)(1)(B) also provides that "[i]f the court elects to aggregate the period of physical confinement on multiple counts or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the maximum term of confinement shall be the aggregate term of imprisonment specified in subdivision (a) of Section 1170.1 of the Penal Code." Penal Code section 1170.1, subdivision (a) states that "when any person is convicted of two or more felonies, whether in the same proceeding . . . or in different proceedings . . . , and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements . . . . The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction."

As the People note, the court set appellant's maximum term of confinement by calculating: (1) a principal term of 3 years for the assault charged in the fourth (and most recent) section 602 petition; (2) one year (one-third the midterm) for the battery charged in the third petition; (3) one year (one-third the midterm) for the GBI assault charged in the second petition; and (4) four months (one-third the maximum one-year county jail sentence) for the Penal Code section 626.10 offense charged in

6

the first petition, for a total of 5 years and 4 months.[2]  Appellant's claim that the court miscalculated his maximum term of confinement thus fails.

### Custody Credits

Appellant also contends the court erred in applying his precommitment custody credits against his maximum term of confinement, rather than his baseline term of 18 months.  We conclude otherwise.

Appellant was committed to an SYTF pursuant to section 875.  Subdivision (c)(1)(C) of that section expressly and unequivocally provides that "[p]recommitment credits for time served *must be applied against the maximum term of confinement* as set pursuant to this subdivision."  (Italics added.)  Because this statutory language is clear, we must follow it "'""""unless a literal interpretation would result in absurd consequences the Legislature did not intend.""""'"  (*People v. Braden* (2023) 14 Cal.5th 791, 804.)

Appellant does not demonstrate that applying his custody credits against his baseline term rather than his maximum term of confinement would be an absurd result.  *In re Ernesto L.* (2022) 81 Cal.App.5th 31, which appellant cites in support of his claim, is inapposite.  That case held that minors committed to the DJJ pursuant to section 726 were entitled to have their precommitment custody credits applied against their "maximum custodial term" under section 731 rather than the "maximum

---

[2] The one-third of the maximum term limitation applies to appellant's misdemeanor violation of Penal Code section 626.10, notwithstanding that Penal Code section 1170.1, subdivision (a) refers only to felonies.  (See *In re Eric J.* (1979) 25 Cal.3d 522, 537-538.)

exposure term" of confinement set under section 726. (*Ernesto L.*, at p. 34.) The court recognized that the reach of its holding was limited due to statutory amendments providing for the closure of the DJJ on June 30, 2023, but published the decision to express its disagreement with the holding to the contrary in *In re A.R.* (2018) 24 Cal.App.5th 1076. (*Ernesto L.*, at p. 34, fn. 2.)

*Ernesto L.* has no application here because appellant was not committed to the DJJ pursuant to sections 726 and 731; rather, he was committed to an SYTF pursuant to section 875. Unlike section 731, the plain language of section 875 makes clear that in committing juveniles to an SYTF the court must apply precommitment custody credits against their maximum term of confinement rather than their baseline term. As the People note, the baseline term set by the court under section 875—unlike the maximum custodial term set under section 731—may be adjusted downward at each six-month hearing to address the ward's needs. (§ 875, subd. (e).) It is thus clear that the baseline term set under section 875 is not equivalent to the maximum custodial term set for juveniles committed to the DJJ under section 731.

Because juveniles committed to DJJ and juveniles committed to an SYTF are not similarly situated in this regard, we also reject appellant's claim that equal protection principles compel us to apply his custody credits to his baseline term rather than his maximum term of confinement. (See *People v. Nguyen* (1997) 54 Cal.App.4th 705, 714 [recognizing that "an equal protection claim cannot succeed, and does not require further analysis, unless there is some showing that the two groups are sufficiently similar with respect to the purpose of the law in question"].) Even if they were similarly situated, there would be no equal protection violation because there is a rational basis for

8

treating the two groups differently for purposes of custody credits. (*In re J.M.* (2019) 35 Cal.App.5th 999, 1010 [Where, as here, a disputed statutory disparity implicates no suspect class or fundamental right, equal protection of the law is denied only where there is no rational relationship between the disparity of treatment and some governmental purpose].) As the People note, "if [an SYTF] ward's baseline term could be consumed by precommitment custody credits before [they have] had a meaningful opportunity to engage in treatment, the stated purpose of setting the baseline term would rarely be achieved." Appellant's claim his custody credits must be applied against his baseline term thus fails.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

9

Miguel Espinoza, Judge
Superior Court County of Los Angeles
_____

Steven A. Torres, under appointment by the Court of
Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief
Assistant Attorney General, Susan Sullivan Pithey, Senior
Assistant Attorney General, Noah P. Hill, Supervising Deputy
Attorney General, and Stephanie A. Miyoshi, Deputy Attorney
General, for Plaintiff and Respondent.